IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

|  |  |
|---|---|
| Plaintiff, | Civil Action No. 2:19-cv-03721 |
| v. | COMPLAINT |
|  | JURY TRIAL DEMANDED |
| CASSONE LEASING, INC. |  |
| Defendant. |  |

-------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of pregnancy and to provide appropriate relief to Charging Party Katie Payne, who was adversely affected by such practices.  As alleged with greater specificity below, the Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that the Defendant, Cassone Leasing, Inc. ("Cassone" or "Defendant"), violated Title VII by terminating Charing Party's employment because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York, Central Islip Division.

<u>PARTIES</u>

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Cassone Leasing, Inc. has continuously been a New York Corporation doing business in the State of New York and the Hamlet of Ronkonkoma, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Cassone Leasing, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

<u>ADMINISTRATIVE PROCEDURES</u>

6.      More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII by Defendant.

7.      On May 1, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      The Commission engaged in communication with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission and on May 17, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     In May 2018, Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-2(a)(1), by terminating Charging Party's employment on the basis of pregnancy.

12.     Defendant Cassone leases, rents, and sells new and used office trailers and storage containers.

13.     In April 2018, Charging Party began working for Defendant as an Assistant Dispatcher. At the time of her hire, Charging Party was approximately 12 weeks pregnant; however, the pregnancy was not visible, and she did not inform Cassone that she was pregnant.

14.     On May 10, 2018, Defendant gave Charging Party her 30-day performance review. During the review, Charging Party's direct supervisor praised her performance.  The written review reflected a rating of "89" or "Above Satisfactory," which was just one point shy of "Excellent" under Defendant's rating system.

15.     Upon information and belief, on May 11, 2018, Defendant's Operations Manager, to whom Charging Party's direct supervisor reports, learned that Charging Party was pregnant and made the decision to fire her.

16.     Defendant terminated Charging Party's employment on May 14, 2018.

17.     The effect of the practices complained of in paragraphs 11-16 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee, because of her pregnancy.

18.     The unlawful employment practices complained of in paragraphs 11-16 above were intentional.

19.     The unlawful employment practices complained of in paragraphs 11-16 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Issue a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees in the terms and conditions of employment on the basis of pregnancy, in violation of 42 U.S.C. § 2000e.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees who are or may become pregnant and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Charging Party, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Charging Party.

D.     Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-16 above, including job search expenses and medical expenses, in amounts to be determined at trial.

E.     Order Defendant to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11-16 above, including, but not limited to, emotional pain, suffering, inconvenience,

loss of enjoyment of life, embarrassment, humiliation, loss of self-esteem, and loss of civil

rights, in amounts to be determined at trial.

F.      Order Defendant to pay Charging Party punitive damages for its malicious and

reckless conduct, as described in paragraphs 11-16 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public

interest.

H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  June 26, 2019
New York, New York

Respectfully Submitted,

JAMES E. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

JEFFREY R. BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

NORA E. CURTIN
Supervisory Trial Attorney
nora.curtin@eeoc.gov

 /s/ Renay M. Oliver
_____
Renay M. Oliver
Trial Attorney

Equal Employment Opportunity
Commission
New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3706 (p)
(212) 336-3623 (f)
renay.oliver@eeoc.gov