UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                              Plaintiff,

     v.

CASSONE LEASING, INC.,

                              Defendant.

Case No. 19 CV 03721(JS)(SIL)

**AMENDED ANSWER**

Defendant, Cassone Leasing Inc. ("Defendant"), by its attorneys, FordHarrison LLP, as and for an Amended Answer to the Complaint filed by Equal Employment Opportunity Commission ("Plaintiff"), alleges as follows:

## ANSWERING JURISDICTION AND VENUE

1. Denies the allegations contained in paragraph "1" of the complaint, except admits that Plaintiff is purporting to assert a basis for jurisdiction and refers all questions of law to this Court.

2. Denies the allegations contained in paragraph "2" of the complaint, except admits that Plaintiff purports to assert a basis for venue and leaves all questions of law to this Court.

## ANSWERING PARTIES

3. Denies the allegations contained in paragraph "3" of the complaint, except admits that Plaintiff is purporting to assert a basis for its authorization to bring this action as a named party and refers all questions of law to this Court.

4. Admits the allegations in paragraph "4" of the complaint as they relate to the time period of Charging Party's employment.

5.  Denies the allegations contained in paragraph "5" of the complaint, except admits that Plaintiff is purporting to assert a basis for bringing this action under Title VII and refers all questions of law to this Court.

## ANSWERING ADMINISTRATIVE PROCEDURES

6.  Admits that Charging Party filed a charge with Plaintiff prior to filing this action as alleged in paragraph "6" of the complaint.

7.  Admits that Plaintiff issued a Letter of Determination, the contents of which speak for themselves, as alleged in paragraph "7" of the complaint.

8.  Denies the allegation contained in paragraph "8" of the complaint and asserts that there were no discriminatory practices.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "9" of the complaint, except admits that Plaintiff issued a Notice of Failure of Conciliation, the contents of which speak for themselves.

10. Denies the allegation contained in paragraph "10" of the complaint and refers all questions of law to this Court.

## ANSWERING STATEMENT OF CLAIMS

11. Denies the allegations contained in paragraph "11" of the complaint.

12. Admits the allegations contained in paragraph "12" of the complaint.

13. Denies knowledge and information regarding Charging Party's length of pregnancy as alleged in paragraph "13" of the complaint, but admits the remainder of the allegations contained therein.

14. Denies the allegations contained in paragraph "14" of the complaint, except admits that Defendant gave Charging Party her 30-day performance review on or about May 10, 2019,

and admits that Plaintiff refers to the 30-day performance review, the content of which speaks for itself.

15. Denies the allegations contained in paragraph "15" of the complaint.

16. Admits the allegation contained in paragraph "16" of the complaint.

17. Denies the allegations contained in paragraph "17" of the complaint and asserts that there were no unlawful discriminatory practices.

18. Denies the allegation contained in paragraph "18" of the complaint and asserts that there were no unlawful discriminatory practices.

19. Denies the allegations contained in paragraph "19" of the complaint and asserts that there were no unlawful discriminatory practices.

20. Denies Plaintiff and the Charging Party are entitled to the relief sought in the "Prayer for Relief" section of the complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof Defendant does not have as a matter of law.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed to the extent it fails to state a claim against Defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant's decisions concerning Ms. Payne's employment and her cessation from employment were made in good faith and based upon legitimate, non-discriminatory factors, which were unrelated to Plaintiff's sex, pregnancy, or any other protected basis.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Even assuming Defendant's actions concerning Plaintiff's employment and her cessation from employment were partially influenced by some unlawful motive, though they were not, Defendant would have taken the same employment action with respect to Plaintiff even in the absence of such unlawful motive.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent Defendant discovers during the course of this action that Ms. Payne engaged in any conduct which would warrant discharge under Defendant's policies, Plaintiff's right to recover damages on behalf of Ms. Payne beyond the date of such discovery should be cut off.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant denies any act or omission on Defendant's part are the proximate cause of the injuries and/or damages to Ms. Payne alleged in the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any emotional pain, suffering, loss of enjoyment of life, humiliation, or other non-pecuniary losses alleged in the Complaint to have been suffered by Ms. Payne are the result, in whole or in part, of other causes unrelated to Defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Ms. Payne has failed to meet her duty of properly mitigating any damages, by among other things, failing to take reasonable steps to secure and retain other suitable employment following the acts alleged in the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff and/or Ms. Payne were entitled to any relief requested in the Complaint, which Defendant denies, any such relief must be set off and/or reduced by wages, compensation,

pay, commissions, benefits and all other earnings and remuneration, profits, and benefits, regardless of the form, received by Ms. Payne or which Ms. Payne could have received or earned with reasonable diligence.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendant, at all times material to this lawsuit, has made good faith efforts through adoption of anti-discrimination policies and education of personnel, to comply with employment discrimination laws. Accordingly, Defendant cannot be held liable for punitive damages as a result of any alleged discriminatory actions by managerial employees (the occurrence of which are expressly denied).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Even if Plaintiff or Ms. Payne were entitled to any award of compensatory or punitive damages, which Defendant denies, any award of such damages is limited by the amounts authorized by 42 U.S.C. § 1981a.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith without malice or reckless indifference to Ms. Payne's federally protected rights, and have not acted willfully, deliberately, intentionally, outrageously, or with extreme indifference to the rights of Ms. Payne and, thus, punitive damages are not recoverable.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant acted in good faith without malice or reckless indifference to Ms. Payne's federally protected rights, and have not acted willfully, deliberately, intentionally, outrageously, or with extreme indifference to the rights of Ms. Payne and, thus, injunctive relief is available and warranted.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to offer additional affirmative defenses that cannot now be articulated due to Plaintiff's failure to particularize its claims. Upon further particularization of the claims by Plaintiff, or upon further discovery concerning the alleged claims at issue herein or Defendant's defenses thereto, Defendant reserves its right to assert additional affirmative defenses as the facts and law warrant, including during the trial of this matter.

WHEREFORE, defendant, Cassone Leasing Inc., hereby demands judgment dismissing the complaint herein and each cause of action alleged therein against it, together with the costs and disbursements of this action, including attorneys' fees, and for such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
December 16, 2019

**FORDHARRISON LLP**

By: /s/ Bran C. Noonan
Bran C. Noonan
Jeffrey A. Shooman
60 East 42nd Street, 51st Fl.
New York, NY 10165
(212) 453-5900
*Attorneys for Defendant*